KENDRICK *v.* GOLD.

4-6325                                          150 S. W. 2d 211

Opinion delivered April 28, 1941.

*F. W. A. Eiermann,* for appellant.

*H. M. Barney* and *Frank S. Quinn,* for appellee.

MEHAFFY, J.  The appellee, Joe Gold, instituted this action in the Sevier county chancery court against the appellants and Theodore Davis, Mrs. G. O. Collins, Fred A. Haak, E. L. Pelham, U. S. Antimony Mining Corpora-

tion, Stibnite Production Company, a corporation, and Tom Arms, Henry Byes, Carl Smith, N. W. Fortune, Bob Caddell, John Barnes, and George Miller. The defendants, U. S. Antimony Mining Corporation and Stibnite Production Company and E. L. Pelham did not appear in the court and did not file any pleadings, but made default. The other defendants appeared in person and by attorney.

The appellee, in his complaint, asked that the power of attorney given to Davis and the quitclaim deed executed by Davis to the U. S. Antimony Mining Corporation be canceled, annulled and set aside, and the title of the property so conveyed to said corporation, be revested in the plaintiff as trustee, and that the equipment described in the complaint be vested in plaintiff as trustee, and that the interests of the defendants be established; that the claims of the defendants Tom Arms, Henry Byes, Carl Smith, N. W. Fortune, Bob Caddell, John Barnes and George Miller be declared void; that the rights of the plaintiff in and to said property be declared superior and paramount to those of any of said defendants, and that the plaintiff have judgment against Davis, Collins, and the U. S. Antimony Mining Corporation for the purchase price of the said Otto Mine and the equipment thereof; that said amount be declared a first lien on all of said property, and that said property be ordered sold for his costs and other proper relief.

Notice of *lis pendens* was filed, and there was a motion by defendants Kendrick and Eiermann to require the plaintiff to make his complaint more definite and certain.

Separate answers were filed denying the allegations in the complaint. A reply by plaintiff to the answer of Tom Arms and others was filed. There was then an order appointing a receiver. The receiver's inventory was filed, and after hearing all the evidence, the court entered a decree stating that all parties appeared by their attorneys except the defendants, U. S. Antimony Mining Corporation and Stibnite Production Company and E. L. Pelham. The decree stated that the Stibnite Production

Company had been duly served, and that it further appeared that E. L. Pelham and U. S. Antimony Mining Corporation had been duly served by the publishing of a warning order; that the cause was thereupon submitted upon the pleadings, the report of E. K. Edwards as attorney for the non-resident defendants, the proof of publication of warning order upon the notice *lis pendens*, and upon the testimony of witnesses taken orally before the court, and upon the record of Joe Edgar, justice of the peace, in the case of Tom Arms and others against Theodore Davis, Joe Gold, and U. S. Antimony Mining Corporation. After briefs of counsel had been filed, a receiver, Custer Highes, was appointed to take charge of the property of the U. S. Antimony Mining Corporation, and directed to take charge of said property and to make and file an inventory thereof. Said receiver gave bond in the sum of $1,000.

The court found that the plaintiff, Joe Gold, is the owner of 200 shares of stock in the U. S. Antimony Mining Corporation, a corporation organized under the laws of the state of Louisiana; that said corporation has not qualified to do business in the state of Arkansas, and the court further found that Joe Gold had purchased the lands described in Sevier county for the corporation and had paid therefor the sum of $600, which sum had not been repaid to him. The court further found that Joe Gold, the appellee, bought and furnished to said U. S. Antimony Mining Corporation for use at and upon the mine located upon said land and known as the Otto Mine, machinery and equipment now located at said mine, costing the said plaintiff the sum of $1,118, which amount has not been repaid to the plaintiff by the corporation or anyone for it. The court further found that Tom Arms and others had performed work and labor upon the above described property in the aggregate amount of $553.50; decreed that the property purchased and paid for by the appellee should be declared to be his property, subject, however, to the payment of the laborers' claims above set forth in the sum of $553.50. The court further found that the appellee had paid the labor claims and that all of the said property should be declared free and clear

of the claims of the laborers. The court found that the power of attorney issued by appellee to Davis was void and that the same should be canceled; also that the quitclaim deed executed by Davis to the U. S. Antimony Mining Corporation was void and should be canceled and held for naught. The court further found that defendant Davis, without any authority from the U. S. Antimony Mining Corporation, entered into a contract with Stibnite Production Company to sell to said corporation the land described and equipment at the mining property; that the instruments were executed without authority of the corporation and that all of said contracts and agreements and instruments should be canceled and the agreement of sale be declared null and void.

It was further decreed by the court that all of the property mentioned should be delivered over to the plaintiff, Joe Gold, by the receiver, but finds that if the U. S. Antimony Mining Corporation, or any of its stockholders, desire to reclaim or redeem said property, it or they may do so by the payment to Gold, within 30 days, the amount paid out for laborers, the receiver's fee, the amount of court costs, and the further sum of $1,718 paid out by plaintiff for the property described; that upon the payment of said amount into the court, the said Joe Gold shall deliver said property to the corporation or its stockholders who so redeem the same. The receiver's inventory described the property, and the court fixed the receiver's fee at $35, and found that the plaintiff had paid this amount to the receiver.

The appellants, Kendrick and Eiermann, filed exceptions and have appealed to this court. No one else has appealed.

There was some conflict in the evidence, but after a careful consideration of all the evidence, we have concluded that the finding of the chancellor was supported by the evidence.

As we have already said, the U. S. Antimony Mining Corporation was organized in Louisiana, and incorporators were Theodore Davis, G. O. Collins, and E. L. Pel-

ham. Davis was president, Pelham, vice-president, and Collins, secretary-treasurer. At the time of the incorporation it had a lease on 100 acres of land in Sevier county. Gold had entered into an agreement with Davis and Collins to invest $1,000 with said parties in carrying on the enterprise and he was to receive 200 shares of the capital stock, which at that time was fixed at $20 per share.

The undisputed evidence shows that Gold advanced the money in the amount found by the court. After the decree the appellants' filed motion to vacate the decree, and they argue that the decree should not have been entered on July 8, 1940, because they had not had time to make arrangements for the Louisiana corporation to comply with the Arkansas law so that it might do business in Arkansas.

In the first place, July 8th had been fixed for the time of rendering the decree for some time, and appellants do not show that they were prejudiced by the entering the decree on that day. There is no effort to show that they could, at any time, have arranged for the Louisiana corporation to do business in Arkansas; there is no evidence that they could have done this.

It seems to us that it is immaterial, so far as appellants are concerned, whether the power of attorney and quitclaim deed to the Louisiana corporation should have been canceled or not. It is true that one of the parties, in his evidence, claimed to have spent money relying on the power of attorney, but that party did not appeal, and neither of appellants shows that he lost any money because of the cancellation of the power of attorney or the deed.

It is also contended by the appellants that the court erred in finding that Gold was the owner of 200 shares, but failed to adjudicate the interest of other stockholders, contrary to the principles of equity. There was no reason why the appellants could not have been present and requested the court to make this finding, but neither of them did so; and they cannot now complain that the court did not make this finding. There is, however, no

dispute about their ownership of stock or their interest in the corporation, and all that the court found that affected their rights was that Gold should be reimbursed for the money he spent. The decree provided, however, that the corporation or any of its stockholders might redeem all the property by paying Gold's debt.

Appellants ask that they be given an opportunity to have the U. S. Antimony Mining Corporation qualified to do business in the state of Arkansas, or organize a new company. Appellants were not prohibited by the decree, or in any other manner, from qualifying the corporation to do business in Arkansas, and they have had practically a year in which to do either of these things. So far as the record shows, however, nothing has been done by them.

There is practically no dispute about any proposition of law involved in this case, but it is simply a question of fact. The rule of this court has been, for a long time, that we will not reverse the decree of the chancellor on the facts, unless his finding appears to be against the preponderance of the evidence. We are of opinion that the chancellor's decree in this case is supported by the evidence, and it is, therefore, affirmed.